UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANGELO SERRATO,<br><br>    Petitioner,<br><br>v.<br><br>UNKNOWN<br><br>    Respondent. | No. 2:19-cv-00090 GGH P<br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner has not, however, filed an in forma pauperis affidavit or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). Petitioner will be provided the opportunity to either submit the appropriate affidavit in support of a request to proceed in forma pauperis or submit the appropriate filing fee.

Rule 2 of the Rules Governing Section 2254 Cases provides that the petition: "shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c), Rules Governing Section 2254 Cases. Petitioner must also clearly state the relief sought in the petition. Id. Additionally,

////

////

the Advisory Committee Notes to Rule 4 explains that "notice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n.7 (1977).

Here, petitioner identifies that his 79-page petition concerns a "motion for court transcripts." ECF No. 1 at 2. Rather than specify the grounds for relief in his petition, petitioner asks the reader to "please see attached petition." Id. at 3.

The petition fails to comply with Rule 2(c), Rules Governing Section 2254 Cases. Therefore, the petition is dismissed with leave to amend. Rule 4, Rules Governing Section 2254 Cases. In the amended petition, petitioner must set forth each claim for relief and summarize the facts he alleges support each of the identified claims. If petitioner is alleging the claims he raises in his direct appeal petition, petitioner must clearly state these claims in his amended petition and allege facts sufficient to support these claims. However, if petitioner's habeas petition is based on an error by the trial court in its denial of his request for transcripts, petitioner must allege facts determining that the transcript was necessary for an effective defense or appeal. See Brit v. North Carolina, 404 U.S. 226, 227 (1971).

Petitioner is not required to append exhibits to his petition. However, to avoid duplication on the court's docket, if petitioner wishes to append the exhibits from his original petition (ECF No. 1 at 7-79) to his amended petition, he may ask the Clerk of the Court to do so.

Finally, the proper respondent in this case is the warden of the institution where petitioner is incarcerated. See Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) ("A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition.")

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee; petitioner's failure to comply with this order will result in the dismissal of this action;

2. The Clerk of the Court is directed to send petitioner a copy of the in forma pauperis form used by this district;

3. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;[1]

4. Any amended petition must bear the case number assigned to this action and the title "Amended Petition" and shall name the proper respondent; and

5. The Clerk of the Court is directed to send petitioner the court's form application for writ of habeas corpus.

Dated: January 19, 2019

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

---

[1] By setting this deadline the court is making no finding or representation that the petition is not subject to dismissal as untimely.