UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANGELO SERRATO, | No. 2:19-cv-00090 JAM GGH P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| C. KOENIG, | |
| Respondent. | |

*Introduction and Summary*

      Petitioner, entering a plea of guilty, was convicted of first-degree burglary in 1987. It might seem like an easy task to find that this habeas corpus case commenced in 2019 would jurisdictionally fail due to petitioner's not being "in custody" for these decades old conviction he desires to attack. However, with the jurisdictional Gordian knots which the courts sometimes tie, nothing is easy. Cutting through the twists of the facts, the undersigned finds that petitioner is indeed not in custody for purposes of this federal habeas proceeding. After carefully reviewing the filings, the undersigned recommends dismissal of this case.

////

////

////

*Factual Background*

Petitioner pled guilty to first-degree burglary in 1987 (Case No. 7813) with a prior conviction and was sentenced to five years (four years for the burglary and an extra year on account of a prior conviction). People v. Serrato, 201 Cal. App. 3d 761 (1988);[1] see also ECF No. 14-1. The sentencing abstract of judgment was silent as to any parole terms, but petitioner avers he was subject to a mandatory parole term, and such appears to be the case. See Cal. Penal Code § 3000. The undersigned may accept the allegation for the purposes of this Findings and Recommendations, and, as discussed below, the actual term of the mandatory parole, although not set forth in the abstract of judgment (or other documentation), is immaterial. Petitioner appealed his plea entry, but the appeal was denied. Serrato, supra.

According to the California Department of Corrections and Rehabilitations ("CDCR") records supplied by respondent, petitioner was released on parole on June 7, 1990. ECF No. 20-2 at 8. His parole was revoked on February 1, 1991 and petitioner was committed for one year. Id. Apparently, parole had been revoked because petitioner had been arrested for a new crime, unlawful taking of a vehicle; petitioner was convicted of that offense on January 21, 1992 (Case No. 7703). ECF No. 20-4. On January 24, 1992, the CDCR record provides: "Previous term discharged per BPT rule 2469; remains on case # 7703."[2] ECF No. 20-2 at 8-9.

In 2011, petitioner was convicted of several violent offenses for which he received life without the possibility of parole. According to the abstract of judgment, ECF No. 20-1, the "life without" sentence was imposed on the offenses themselves, and not as an enhancement for previous crimes committed. Petitioner did receive an enhancement for being a recidivist, but in
////

---

[1] Serrato was disapproved by K.R. v. Superior Court, 3 Cal. 5th 295 (2017). Serrato held that being sentenced by the judge who accepted the plea bargain was not "always" a term of the plea agreement. 201 Cal. App. 3d at 764. K.R. held that such a term is indeed an implied term of the agreement. 3 Cal. 5th at 309.

[2] As set forth above, petitioner's conviction under attack here was a different conviction from the one on which parole was not discharged. The discharged parole can only be understood as occurring on Case No. 7813, the burglary conviction under review here, as the undischarged parole, Case No. 7703 involved the 1992 conviction for the unlawful taking of a vehicle. ECF No. 20-4.

practical terms, the enhancement sentence has no real-world effect on petitioner's lifetime custody.

For whatever reason, petitioner began a series of state habeas petitions commencing late 2017 or early 2018 attacking his 1987 burglary conviction. See ECF No. 14- 3 (including Superior Court decision). These habeas petitions were a combination of substantive claims and a request to obtain transcripts from his long ago 1987 proceedings. All of the petitions were denied, including one he had submitted to the California Supreme Court. ECF No. 14-6.

This federal petition was filed on January 14, 2019. ECF No. 1; see also ECF No. 5 (the First Amended Petition). Like the state petitions before, the federal petition is a combined substantive claim/request for transcripts. In the main, petitioner seeks to have his 1987 guilty plea vacated for alleged irregularities in the 1987 plea process.

*Discussion*

Leaving aside any question of mootness, petitioner cannot proceed with his federal habeas because he is not "in custody" for the 1987 burglary conviction under attack, and federal habeas can only be directed to the fact of present custody for the conviction under attack.

Section 2254(a)'s "in custody" requirement is jurisdictional and therefore "it is the first question we must consider." Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010) (citing Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir.1998) (stating the same as to 28 U.S.C. § 2241's "in custody" requirement)). "Custody" means more than the fact of physical incarceration. A serious restraint on petitioner's liberty, such as probation or parole status, will suffice to render a petitioner "in custody." Maleng v. Cook, 490 U.S. 488, 492 (1989). However, the mere fact that a conviction has been used to enhance a sentence on a successor crime does not mean one is "in custody" for the conviction enhancing the sentence. Id.

*If* petitioner had not completely served the mandatory parole term, no matter the date of its imposition, and regardless of whether he was serving a sentence on an unrelated conviction, he would be "in custody" for purposes of attacking the conviction which led to the imposition of parole; on the other hand, he is not in custody due to a parole term once parole has been discharged. Henry v. Lungren, 164 F.3d 1240, 1241 (9th Cir. 1999); see also Mazariego v.

California Dep't of Corr. & Rehab., No. CV 07-2877-DDP (PLA), 2008 WL 2491652 (C.D. Cal. June 19, 2008); Murguia v. Martel, No. CV 09-3054-ODW (E), 2009 WL 4980282 (C.D. Cal. Dec. 16, 2009); Starr v. California, No. 2:12-cv-0083 KJN P, 2013 WL 1402963 (E.D. Cal. Apr. 5, 2013); Collins v. Beard, No. CV-14-3916-GW (JPR), 2015 WL 11367932 (C.D. Cal. Mar. 30, 2015). The records in this case demonstrate that petitioner's parole term was discharged by operation of law. ECF No. 20-2. Respondent has attached a copy of the pertinent BPT Rule 2469 (now repealed) which does indeed provide that undischarged parole terms will be discharged upon incarceration for a revoked parole with a "new commitment," if the succeeding imposition of a prison term would be later than the "revocation release date." ECF No. 20-3. Petitioner's parole was discharged based upon Rule 2469 in Case No. 7813 (the burglary conviction) because that was evidently the case. See ECF No. 20-4. Moreover, the fact that parole could not have been discharged by Rule 2469, if the burglary conviction were to be considered a violent crime, see subsection (b)(1), has no applicability here. First-degree burglary *per se* is not considered a violent crime in Cal. Penal Code § 459. See People v. Le, 136 Cal. App 4th 925 (2006); People v. Hall, 83 Cal. App. 4th 1084 (2000); People v. Centers, 73 Cal. App. 4th 84, 89 (1999). To make it a crime of violence, it must be accompanied by use of a firearm, physical harm to an occupant, or taking place in a residence occupied by multiple non-accomplices (Cal. Penal Code section 667.5(c)(21)). Id. Petitioner points to no court findings demonstrating that his plea was anything but an unadorned, first-degree burglary.

*Conclusion*

For the foregoing reasons, petitioner is not in custody for the 1987 burglary conviction which he seeks to challenge. There is no need to rule upon the other bases for dismissal set forth in the Motion to Dismiss because this jurisdictional prerequisite has not been met.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 13) be granted;
2. This case be dismissed for lack of jurisdiction; and
3. The District Court decline to issue a certificate of appealability.

////

4

1     These findings and recommendations are submitted to the United States District Judge
2 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days
3 after being served with these findings and recommendations, any party may file written
4 objections with the court and serve a copy on all parties.  Such a document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6 shall be served and filed within fourteen days after service of the objections.  The parties are
7 advised that failure to file objections within the specified time may waive the right to appeal the
8 District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 12, 2019

<u>/s/ Gregory G. Hollows</u>
UNITED STATES MAGISTRATE JUDGE